*Forte v. Direct Energy Services, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

Martin Forte,

> *Plaintiff-Appellant*,

Thomas Aurelia, Jerry Baglione,
Richard Schafer,

> *Intervenors-Plaintiffs-Appellants*,

v.                                                                                      22-201

Direct Energy Services, LLC, a Delaware
Limited Liability Company,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT AND              SCOTT A. KAMBER (Michael J.
INTERVENORS-PLAINTIFFS-APPELLANTS:       Aschenbrener, *on the brief*),
                                         KamberLaw, LLC, Denver, CO.

FOR DEFENDANT-APPELLEE:                    MICHAEL D. MATTHEWS, JR. (Diane
                                           S. Wizig & James M. Chambers, *on
                                           the brief*), McDowell Hetherington
                                           LLP, Houston and Arlington, TX.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Martin Forte and intervenors-plaintiffs-appellants Thomas Aurelia, Jerry Baglione, and Richard Schafer (collectively, "plaintiffs") appeal from the district court's judgment, entered on January 3, 2022, granting defendant-appellee Direct Energy Services, LLC's ("Direct Energy") motion for summary judgment under Federal Rule of Civil Procedure 56.

New York law requires every contract for residential energy service to "clearly and conspicuously" identify all variable charges. N.Y. Gen. Bus. Law § 349-d(7). Moreover, Section 349-d(10) provides a private cause of action to persons injured by a violation of Section 349-d. *Id.* § 349-d(10). Plaintiffs thus brought this putative class action, alleging that Direct Energy's contract for residential energy service (the "Contract"), consisting of the Terms and Conditions ("Terms") and accompanying Customer Disclosure Statement, did not clearly and conspicuously disclose that their fixed rate would change to a variable rate at the time of the automatic renewal of the Contract.[1]

The district court held as a matter of law that Direct Energy did not violate Section 349-d(7) because the Contract clearly and conspicuously disclosed the change to the variable rate after

---

[1] Plaintiffs are four current or former Direct Energy customers who each signed up for a fixed rate electricity supply service between 2013 and 2015 and received a contract that provided for an initial fixed rate term of between twelve and twenty-four months. The language and display of the variable rate disclosure that is at issue in this lawsuit are identical in each of their respective contracts.

the fixed rate ended, and thus granted Direct Energy's summary judgment motion. On appeal, plaintiffs argue that the district court committed reversible error by: (1) applying a subjective standard in assessing the variable rate disclosure in the Contract; and (2) concluding that the Contract's variable rate disclosure was clear and conspicuous. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**DISCUSSION**

We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor. *Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Although neither this Court nor the New York Court of Appeals has articulated the standard for determining compliance with Section 349-d(7)'s requirement that variable rate disclosures be clear and conspicuous,[2] the parties agree that an objective reasonable consumer test is the proper standard. Accordingly, we conduct our inquiry from that perspective.

Plaintiffs argue that the district court erroneously applied a subjective standard and that that constitutes reversible error requiring remand. We disagree. Even assuming *arguendo* that the District Court erred and applied a subjective standard, any error it may have committed would not require remand because, after conducting our *de novo* review from the perspective of an objective

---

[2] *Cf., e.g.*, *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995) (applying objective standard for alleged deceptive practices under General Business Law § 349 from the vantage point of "a reasonable consumer acting reasonably under the circumstances").

reasonable consumer, we conclude that the variable rate disclosure in the Contract is clear and conspicuous.

Pursuant to the Contract, customers receive residential energy services at a fixed rate for a specified number of months, after which the Contract automatically renews as a variable rate plan. The Contract contains multiple sections, including, as relevant here, the Terms and the Customer Disclosure Statement. Both the Terms and the Customer Disclosure Statement contain provisions that notify customers about the Contract's conversion to a variable rate at the time of automatic renewal, but plaintiffs maintain that the Contract's disclosure on variable rates is not clear and conspicuous as required under Section 349-d(7).

To determine whether the disclosure is clear and conspicuous under New York law, plaintiffs urge this Court to utilize (as the district court did) the multi-factor test articulated by the Federal Trade Commission ("FTC") for analyzing online disclosures. The FTC's test requires consideration of factors, such as the placement and prominence of the disclosure (including the size, color, and graphic treatment of the disclosure in relation to the entire document), the effectiveness of the disclosure in light of other elements in the document that might distract consumers' attention from the disclosure, and the use of language in the disclosure that is understandable to the intended audience.[3] *See* Fed. Trade Comm'n., .com Disclosures: How to Make Effective Disclosures in Digital Advertising 7–21 (2013). Direct Energy suggests that the District Court erred because it did not appropriately apply a different framework for analyzing disclosures under the Truth in Lending Act. We need not address this contention, however, because, even applying the FTC's factors from the vantage of a reasonable consumer, in the

---

[3] Other district courts also have utilized the FTC factors in the Section 349-d(7) context. *See, e.g.*, *Schafer v. Direct Energy Serv., LLC*, No. 19-CV-6907, 2021 WL 5851189, at *3 (W.D.N.Y. Dec. 9, 2021); *Mirkin v. Viridian Energy, Inc.*, No. 15-CV-1057, 2016 WL 3661106, at *5 (D. Conn. July 5, 2016).

4

manner suggested by the plaintiffs, we conclude that the disclosure language in the Contract is clear and conspicuous as a matter of law. *See generally Gambardella v. G. Fox & Co.*, 716 F.2d 104, 113 (2d Cir. 1983) ("Where . . . the sole issue is whether required disclosures have been made clearly and conspicuously . . . the court may appropriately decide the plaintiff's claims as raising issues of law.").

As plaintiffs acknowledge, the Terms and Customer Disclosure Statement are components of the overarching Contract. Thus, we consider the Contract as a whole—including both these documents—when determining whether the disclosure is clear and conspicuous under Section 349-d(7). *Cf. PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1201 (2d Cir. 1996) (explaining that under New York law, "a paper referred to in a written instrument and sufficiently described may be made a part of the instrument as if incorporated into the body of it" (internal quotation marks and citation omitted)).[4]

Plaintiffs argue that several FTC factors weigh against the disclosure's clarity and conspicuousness and preclude summary judgment on this issue. Specifically, plaintiffs contend that the variable rate language in the Terms is not "set off" in any way from the surrounding text and fails to provide enough information for a consumer to identify the variable rate. Furthermore, plaintiffs assert that the Customer Disclosure Statement is unclear because it states that the contract is at a "fixed rate," and the renewal provisions disclosure, which informs the customer that the

---

[4] Direct Energy also contends that we should consider the language of the Renewal Agreement, which contains a table at the top of the document that indicates in two separate places that the customer will be subject to variable rates—first, next to a heading labelled "Product Type" that indicates "Variable" and explains that a variable rate is one that "changes month-to-month based on business and market conditions" and again next to a heading labelled "Renewal Price" which indicates that the rate "Varies Month to Month." App'x at 604. Plaintiffs argue that we should not consider the Renewal Agreement because, if the initial Contract is statutorily deficient, a subsequent document that is clear and conspicuous would not cure that deficiency, especially where the renewal was automatic. We do not resolve this issue because, even without considering the Renewal Agreement, we conclude that the initial Contract is clear and conspicuous.

contract will automatically renew as a variable rate plan, is at the end of the page and confusingly titled. Thus, plaintiffs assert the variable rate disclosure is not clear and conspicuous in the Contract. We disagree.

The Customer Disclosure Statement contains a table that highlights and summarizes several key components of the Contract. The table states that the plan is at a "fixed rate" for a specific number of "monthly billing cycles" and that Direct Energy "will send you a renewal notice between 30 and 60 days prior to the end of your Initial Term. This Agreement shall automatically renew for successive month-to-month periods at our standard variable rate plan as per the price applicable to the Terms and Conditions." Joint App'x at 580. This language is neither complex nor encumbered by voluminous surrounding text. It is two sentences long and is written in clear language that a reasonable consumer would understand. Moreover, the manner in which it is displayed—the table's generous spacing and boundaries around each box—distinguishes it from the surrounding text, making it unlikely to be overshadowed by other provisions. Additionally, the language is neither presented in fine print nor otherwise obscured. Finally, because the Contract is for a fixed rate plan that later converts into a variable rate plan, it is not confusing to provide the variable rate disclosures under the heading: "PROVISIONS FOR RENEWAL OF THE AGREEMENT." *Id.* In short, when the Contract is analyzed in its entirety in the context of the FTC multi-factor framework, we conclude that the variable rate disclosure in the Contract is clear and conspicuous as a matter of law. Accordingly, the district court properly granted summary judgment in Direct Energy's favor on the Section 349-d(7) claim.[5]

---

[5] As the parties outline in their briefing, the New York Public Service Commission (the "PSC") is a regulatory body that oversees New York's energy market. Direct Energy argues that its Customer Disclosure Statement follows the template designed by the PSC staff and that we should afford deference to the PSC's view that this disclosure is sufficient. Plaintiffs object to any such deference and assert that courts are obligated to perform their own independent review of the disclosure under Section 349-d(7).

*    *    *

We have considered plaintiffs' remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

However, we do not reach that issue because we conclude that the Contract satisfies Section 349-d(7) even without affording any deference to the PSC's guidance.